UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA ALAI and VINCENT ALAI, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> TILE LAYERS LOCAL 52 INSURANCE AND : <br> WELFARE FUND, : <br> : <br> Defendant. : <br> : | Civil Action No. <br> 04-5430 (JAG) |

## REPORT AND RECOMMENDATION

Presently before the Court is a motion brought by Plaintiffs Theresa and Vincent Alai ("Plaintiffs") to remand the matter to the Superior Court of New Jersey. Defendant Tile Layers Local 52 Insurance and Welfare Fund ("the Defendant") opposes this motion. This matter has been referred to me by the Honorable Joseph A. Greenaway, Jr. for an appropriate Report and Recommendation pursuant to Loc. Civ. R. 72.1(a)(2) and Fed. R. Civ. P. 72(b).

For the reasons expressed below, I respectfully recommend the motion be denied.

## BACKGROUND

On April 5, 2004, Plaintiff filed a Complaint in the Superior Court of New Jersey, Middlesex County, alleging breach of contract and bad faith and seeking punitive damages against the Defendant

1

for failure to provide benefits in connection with Plaintiff Theresa Alai's bariatric surgery. A Deputy Sheriff for the City of New York served the Summons and Complaint on a receptionist at 253 West 35th Street, 12th Floor, New York, New York. Plaintiff claims the receptionist was an authorized agent to accept service of process while the Defendant claims this individual was the receptionist for the Defendant's third-party administrator.

In this motion to remand, Plaintiffs argue the Defendant did not file the notice of removal within the 30-day period delineated in 28 U.S.C. § 1446(b) and the Court does not have jurisdiction under the Employee Retirement Income Security Act ("ERISA"). The Defendant contends the service of process was not proper and, therefore, the 30-day period has not expired. The Defendant, an employee benefit plan, also states that since Plaintiffs' Complaint alleges a failure to provide health benefits, the Court does have jurisdiction under ERISA.

## APPLICABLE LAW AND ANALYSIS

Plaintiffs make two arguments in support of the motion to remand the case to state court. First, Plaintiffs contend the Defendant was out of time to file the notice of removal because more than 30 days had passed since service. Second, Plaintiffs argue the case does not fall within the Court's jurisdiction provided by ERISA.

2

A.   TIMING OF THE NOTICE OF REMOVAL

A defendant can remove an action from state to Federal court within 30 days of service of process upon the defendant. 28 U.S.C. § 1446(b). This sections states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .

28 U.S.C. §1446 (b). The laws and rules of the state in which the action is brought govern the propriety of service. See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 352-54 (1999). In Murphy, the Supreme Court held the period for removal, according to 28 U.S.C. § 1446(b), does not begin upon a defendant's notice of the action through informal service, but starts once proper service has been effectuated in accordance with the service requirements of the State in which the action was commenced.

Since this case was originally commenced in New Jersey Superior Court, New Jersey law and rules shall govern the propriety of service. The New Jersey Rules of Court, N.J. Stat. Ann. §§ 4:4-4(a)(1) and 4:4-4(a)(5), state:

3

> (a) <u>Primary Method of Obtaining In Personam Jurisdiction.</u> The primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within the state pursuant to R. 4:4-3, as follows:
>
> (1) Upon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy there of at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf;
>
> . . .
>
> (5) Upon partnership and unincorporated associations subject to suit under a recognized name, by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on an officer or managing agent or, in the case of a partnership, a general partner;

Additionally, the Rules state "in personam jurisdiction may be obtained over any defendant..." through "personal service in a state of the United States ... in the same manner as if service were made within this State..." N.J. Stat. Ann. § 4:4-4(b)(1)(A).

On August 27, 2004, Plaintiffs served a summons and complaint on the receptionist of Daniel H. Cook Associates, Inc., the Defendant's third-party administrator in New York, New York. Under New Jersey rules and the controlling case law, <u>Murphy Brothers, Inc.</u>, this did not constitute proper service upon Defendant, an unincorporated association located in Long Island City, New York.

4

Although the receptionist may have held herself out as authorized to receive service for the Defendant and the Deputy Sheriff believed this to be the case, this service was improper. The third-party administrator was not the proper individual, nor was it authorized, to receive service. The fact the receptionist believed she was authorized, and the Deputy Sheriff believed this, is inconsequential. In order to properly serve Defendant, Plaintiffs must follow the methods detailed in N.J Stat. Ann. §§ 4:4-4(a)(1) and 4:4-4(a)(5).

Since proper service has not been effectuated in accordance with the service requirements of New Jersey, the thirty day period for removal according to 28 U.S.C. § 1446(b) has not begun to run. Therefore, Defendant's notice of removal was properly filed.

B.   JURISDICTION UNDER ERISA

Federal courts are granted jurisdiction over matters from various sources, including: 28 U.S.C. § 1331 (federal question jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States); 28 U.S.C. § 1332 (diversity of citizenship jurisdiction of civil actions where the matter in controversy exceeds $75,000, and is between citizens of different states); and other statutes granting jurisdiction, such as 28 U.S.C. § 1443 (civil rights cases), 29 U.S.C. §§ 1001, et seq. (Employee Retirement Income Security Act ("ERISA")), and 18 U.S.C.

§§ 1961, et seq. (Racketeer Influenced and Corrupt Organization statute).

In <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41 (1987), the Supreme Court held that state common law causes of action asserting improper processing of a claim for benefits under an employee benefit plan regulated by ERISA are pre-empted by the Act. Defendant is an employee benefit plan within the meaning of Section 514(a) of ERISA. Pursuant to Section 502(a)(1)(B) of ERISA, a civil enforcement proceeding can be brought "to recover benefits due to [a participant or beneficiary] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his right to future benefits under the terms of the plan." 29 U.S.C. 1132(a)(1)(B).

In the present case, Plaintiffs argue that the "Complaint alleges a failure of the [Defendant] to provide a benefit after it was approved and, consequently, acted in bad faith." Plaintiffs, in a brief argument in their papers, attempt to classify the dispute as a breach of contract. I disagree. Plaintiffs are actually seeking to recover the costs of a surgery Plaintiffs' believe should be covered by the Defendant, an employee benefit plan as defined by ERISA. Clearly, this action is a civil enforcement proceeding under Section 502(a)(1)(B). Therefore, this Court has jurisdiction as provided by ERISA to adjudicate this claim.

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiffs' motion to remand be denied.

Respectfully submitted,

G. Donald Haneke
United States Magistrate Judge

Dated: February 24, 2005