**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THERESA ALAI and : <br> VINCENT ALAI, : <br> : <br> Plaintiffs, : <br> : Civil Action No. 04-5430 (JAG) <br> v. : <br> : **ORDER** <br> TILE LAYERS LOCAL 52 : <br> INSURANCE AND WELFARE FUND, : <br> : <br> Defendant. : | |

This matter having come before this Court on the motion of Plaintiffs, Theresa Alai and Vincent Alai, ("Plaintiffs") for Remand, pursuant to 28 U.S.C. §1447(c), and Magistrate Judge G. Donald Haneke having issued a Report and Recommendation ("R&R") on February 24, 2005, pursuant to FED. R. CIV. P. 72(b) and L. CIV. R. 72.1(a)(2), wherein he recommended that this Court deny Plaintiffs' Motion to Remand, and the time in which to object to the R&R having expired; and no objection having been filed by either party; and it appearing that a magistrate judge's recommended disposition of a dispositive motion is subject to de novo review, In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998); Temptations, Inc. v. Wager, 26 F. Supp. 2d 740, 743 (D.N.J. 1998); see also FED. R. CIV. P. 72(b); and this Court having reviewed the parties' submissions under the appropriate de novo standard; and good cause appearing,

IT IS on this 31st day of May, 2005,

ORDERED that Magistrate Judge Haneke's R&R is adopted as the opinion of the Court[1];

---

[1] While this Court adopts Judge Haneke's R&R, and finds that Judge Haneke was correct in concluding that Plaintiffs' motion for remand should be denied since, Defendant's, Tile Layer Local 52 Insurance Company and Welfare Fund, ("Defendant") notice of removal was timely filed as Plaintiffs had not effectuated service in accordance with N.J. STAT. ANN. §§ 4:4 - 4(a)(1)

and

      IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand is DENIED; and

      IT IS FURTHER ORDERED that a copy of this Order be served on all parties within seven (7) days of the entry of this Order.

                                                S/Joseph A. Greenaway, Jr.
                                                JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

and 4:4 - 4(a)(5). In addition to the authority Judge Haneke cites in support of his proposition that service of process was to be effectuated in accordance with the laws of New Jersey, this Court would also rely upon FED. R. CIV. P. 81(c) and the reasoning set forth in Yoder v. Yamaha Int'l Corp. et al., 331 F. Supp. 1084, 1086 (E.D. Pa. 1971). Furthermore, this Court finds that Judge Haneke was also correct in concluding that Plaintiffs' cause of action, while artfully pleaded as arising out of state common law, is clearly a civil enforcement proceeding, pursuant to §502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001. In addition to the reasoning set forth in the R&R, this Court would rely upon Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985), where the Supreme Court found the integrated civil enforcement provisions of ERISA clearly demonstrated Congressional intent to not authorize other remedies and exercise complete preemption in the field, with the exception of the "savings clause" §514(b)(2)(A) and "deemer clause" §514(b)(2)(B) of ERISA, neither of which are applicable to the motion at hand.